IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| Johnnie S. Moon | : | NO: 17-31396 jps |
|    Debtor | : | |
| | : | CHAPTER 13 PROCEEDING |

## NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION
### *WITH RESCHEDULED CONFIRMATION DATE*

JOHNNIE S. MOON, DEBTORS IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTORS' CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The original confirmation was scheduled for March 14, 2018 @ 10:30 am**. If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days of service of this notice **and attend the rescheduled confirmation hearing noted below.** If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202
478-752-3506

**The *rescheduled* confirmation hearing shall be held on:**

**May 23, 2018 at 10:30 am at the US Courthouse and Post Office, 115 East Hancock Ave, Athens, Georgia 30601.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(A).

   Dated this 12th DAY OF March, 2018.

                                                                            /s/ Kathryn A. Brow
                                                                            Kathryn A. Brow, 425482
                                                                            Attorney for Debtor
                                                                            PO Box 1147

Evans, GA 30809
(706) 688-9007
kbrow@browlaw.com

Case 17-31396    Doc 14    Filed 03/12/18    Entered 03/12/18 12:34:42    Desc Main
Document      Page 2 of 12

Evans, GA 30809
(706) 688-9007
kbrow@browlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| Johnnie S. Moon | : | NO: 17-31396 jps |
| Debtor | : | |
| | : | CHAPTER 13 PROCEEDING |

**MOTION FOR MODIFICATION OF PLAN BEFORE CONFIRMATION**

The Debtor, under the authority of Section 1323 of the Bankruptcy Code, files this motion for modification of plan and respectfully shows:

1.

Debtor withdraws their Chapter 13 Plan and substitutes in lieu thereof a modified plan with a scheduled monthly payment of $1300.00;

2.

Debtor wishes to modify part 5.1(a) to correct the disposable income amount to $0.00.

3.

After notice and opportunity for objections, the plan as modified and attached hereto should become debtor's plan.

WHEREFORE, the debtor prays that her motion for modification of plan be approved.

/s/Kathryn A. Brow
Brow & Associates, LLC
P.O. Box 1147
Evans, GA 30809
(706) 688-9007
kbrow@browlaw.com

COUNTY OF      **Greene**

STATE OF GEORGIA

## **VERIFICATION**

Personally appeared before the undersigned office __Johnnie S. Moon__ who says under oath that the facts stated in the above and foregoing **Modification Before Confirmation** are true

This 12th DAY OF March, 2018.

/s/   Johnnie S. Moon
_____

_____

/s/ Kathryn A. Brow
_____

Kathryn A. Brow GBN: 425482

P.O. Box 1147

Evans, GA 30809

Sworn to and subscribed before me this

12th DAY OF March, 2018.

/s/ Alicia L. Coleman

Alicia L. Coleman
Notary Public, Richmond County, Georgia
My Commission Expires March 29, 2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| Johnnie S. Moon | : | NO: 17-31396 jps |
| Debtor | : | |
| | : | CHAPTER 13 PROCEEDING |

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served a copy of the foregoing Motion for Modification Before Confirmation, Verification, Certificate of Service, Notice and Modified Plan upon the Chapter 13 Trustee and all creditors attached to the mailing matrix by depositing copies of the same in the US Mail with sufficient postage affixed to ensure proper delivery.

Electronically Filed:

Camille Hope
docomt@chapter13macon.com, docomt2@chapter13macon.com

U.S. Trustee - MAC
Ustp.region21.mc.ecf@usdoj.gov

Andrew McCullen on behalf of Creditor Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America
ecfgamb@aldridgepite.com, amccullen@ecf.inforuptcy.com

Also See Attached Matrix


This 12th DAY OF March, 2018.


    /s/ Kathryn A. Brow
    Brow & Associates, LLC
    P.O. Box 1147
    Evans, GA 30809
    (706) 688-9007
    kbrow@browlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| DEBTOR<br>**Johnnie S. Moon** | * Chapter 13<br>* Case No. _____ |
|---|---|
| **Original Plan** | {☑} Check if this is a modified plan, and list below the sections of the plan that have been changed.<br>5.1 |

### CHAPTER 13 PLAN
### MIDDLE DISTRICT OF GEORGIA
### (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☐ Included | ☑ Not Included |
| 1.3 | The plan sets out **Nonstandard Provision in Part 6.** | ☑ Included | ☐ Not Included |

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One:**

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of __**$1,300.00 Monthly**__

2.2. Additional payments of __ will be made on __ from ____. (Source)

2.3. The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| **Seterus** | **March 2018** | **$792.00** |

3.2. After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| **Seterus** | **$10,350.00** | **0.00%** | **3011 Clack Road Madison, GA 30650  Morgan County** | **$201.04** |

3.3. The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Global Lending Services** | **$14,009.00** | **3.25%** | **2014 Jeep Patriot 65000 miles** | **$184.00** |

3.4. Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Global Lending Services** | **$100.00** |
| **Badcock Home Furnishing** | **$10.00** |

3.5. After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

GAMB Form 113 12/1/17

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| **Badcock Home Furnishing** | **$1,448.00** | **500.00** | **3.25%** | **Furniture** | **$10.00** |

3.6.  The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C. §362(d) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **-NONE-** | |

3.7.  The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| **-NONE-** | |

3.8.  The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Debt**

4.1.  Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $**3,250.00** to be paid as follows: **(SELECT ONE)**

☑ Pursuant to the current Administrative Order on Attorney Fee Awards

☐ By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court.

4.2.  The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| **-NONE-** | |

4.3.  All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1.  **Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $**0.00** to the nonpriority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

    (b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $**0.00**. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (c) The debtor(s) will pay $**0.00** to the general unsecured creditors to be distributed prorata.

5.2.    General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE)**

    (a) _____ % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

    (b) the debtor(s) anticipates unsecured creditors will receive a dividend of __**0**__ %, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.    The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| **-NONE-** | | |

5.4.    The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in Part 6 Nonstandard Provisions.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **-NONE-** | |

5.5.    Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.    Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

Under Bankruptcy rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

Titles to vehicles listed in the plan to be released to Debtor upon discharge.

**Part 7: Signatures**

7.1.    The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions.**

Debtor

| **/s/ Johnnie S. Moon** | **March 12, 2018** |
|---|---|
| Signature of debtor | Date |

GAMB Form 113 12/1/17

| /s/ Kathryn A. Brow | **March 12, 2018** |
|---|---|
| Signature of debtor(s) attorney | Date |

```
Label Matrix for local noticing            433 Cherry Street                          AT&T Mobility II LLC
113G-3                                     P.O. Box 1957                              %AT&T SERVICES INC.
Case 17-31396                              Macon, GA 31202-1957                       KAREN A. CAVAGNARO  LEAD PARALEGAL
Middle District of Georgia                                                            ONE AT&T WAY, SUITE 3A104
Athens                                                                                BEDMINSTER, NJ 07921-2693
Mon Mar 12 12:32:26 EDT 2018

ATT                                        Allied Interstate                          Arnold Mahone
One AT&T Way, Room 3A104                   P.O. Box 361477                            140 A. River Lake Drive
Bedminster, NJ 07921-2694                  Columbus, OH 43236-1477                    Eatonton, GA 31024-5359



Badcock Home Furnishing                    Darnel Quick Recovery                      East Atlanta Gastroenterology
702 S. Duval Street                        4134 Highway 278 N                         1269 Wellbrook Cir
Madison, FL 32340-2571                     Covington, GA 30014-2494                   Conyers, GA 30012-3873



Enhanced Recovery Company                  Federal National Mortgage Association      Federal National Mortgage Association
P.O. Box 57547                             c/o Andrew Houston McCullen                c/o Seterus, Inc.
Jacksonville, FL 32241-7547                ALDRIDGE PITE, LLP                         P.O. Box 1047
                                           Fifteen Piedmont Center                    Hartford, CT 06143-1047
                                           3575 Piedmont Road, N.E., Suite 500
                                           Atlanta, GA 30305-1636

(p)GLOBAL LENDING SERVICES LLC             Global Lending Services LLC                LVNV Funding, LLC its successors and assigns
C O RESURGENT CAPITAL SERVICES             1200 Brookfield Blvd Ste 300               assignee of FNBM, LLC
55 BEATTIE PLACE                           Greenville, South Carolina 29607-6583      Resurgent Capital Services
STE 110                                                                               PO Box 10587
GREENVILLE SC 29601-5115                                                              Greenville, SC 29603-0587

LVNV Funding, LLC its successors and assigns   Labcorp                                Macon Medical Center
assignee of NCOP XI, LLC                   1288 Wellbrook Cir NE C                    1818 Forsyth St Building
Resurgent Capital Services                 Conyers, GA 30012-8032                     Ste 299
PO Box 10587                                                                          Macon, GA 31201-1170
Greenville, SC 29603-0587

Merchants & Medical Adjustment Bureau      Seterus                                    Seterus, Inc.
321 Main Street S                          8501 IBM Drive                             c/o Andrew Houston McCullen
Tifton, GA 31794-4897                      Bldg. 201                                  ALDRIDGE PITE, LLP
                                           Charlotte, NC 28262-4333                   Fifteen Piedmont Center
                                                                                      3575 Piedmont Road, N.E., Suite 500
                                                                                      Atlanta, GA 30305-1636

U.S. Trustee - MAC                         W.S. Badcock, Corporation                  Camille Hope
440 Martin Luther King Jr. Boulevard       P.O. Box 724                               Office of the Chapter 13 Trustee
Suite 302                                  Mulberry, FL 33860-0724                    P.O. Box 954
Macon, GA 31201-7987                                                                  Macon, GA 31202-0954



Johnnie S. Moon                            Kathryn Anne Brow
3011 Clack Road                            Brow and Associates, LLC
Madison, GA 30650-5104                     PO Box 1147
                                           Evans, GA 30809-1147
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Global Lending Services
PO Box 10437
Greenville, SC 29603

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Seterus, Inc., as authorized subservicer f     End of Label Matrix
                                                  Mailable recipients    25
                                                  Bypassed recipients     1
                                                  Total                  26